## IN The MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Daniel E. STOCKING, Attorney at Law.

Supreme Court

*No. 91-2035-D. Filed September 11, 1991.—Amended November 19, 1991.*

(Also reported in 476 N.W.2d 866.)

## *ORDER*

On August 27, 1991 Attorney Daniel E. Stocking filed a petition for the revocation by consent of his license to practice law in Wisconsin. The petition was filed during the course of an investigation by the Board

of Attorneys Professional Responsibility (Board) into allegations of Attorney Stocking's professional misconduct. In his petition, Attorney Stocking stated that he cannot successfully defend against the allegations of misconduct in his handling of two adoption matters, a guardianship and four estates.

In the guardianship matter, Attorney Stocking converted more than $100,000 of the ward's money to his own use, inventing a fictitious illegitimate son of the ward as payee of $88,000 of that amount. Further, after the ward died, Attorney Stocking failed to terminate the guardianship but continued to file annual inventories for several years thereafter and informed the court and a successor guardian ad litem that he continued to make payments to the fictitious illegitimate son.

In two of the estates, Attorney Stocking converted more than $62,000 to his own use. In a third estate, he converted more than $100,000 of estate funds, disbursing some of those funds to the heirs of another estate.

In one of the adoption matters, Attorney Stocking undertook to represent a couple seeking to adopt a child. When the child ultimately adopted was born, he told his clients that he would then be representing the mother of the child. However, he never disclosed to the mother that a conflict of interest existed as a result of his prior representation of the adoptive parents and never obtained her written consent to his representation. In the other adoption matter, the alleged father's parental rights to the child to be adopted were terminated pursuant to a disclaimer and consent purportedly signed by the alleged father and notarized by Attorney Stocking. However, on the date of the purported signing of the disclaimer and consent, the father was located in another state.

798

The Board contended that by this conduct Attorney Stocking engaged in illegal conduct involving moral turpitude and dishonesty, fraud, deceit or misrepresentation, in violation of former SCR 20.04(3) and (4) and current SCR 20:8.4(c); by making misrepresentations to the court in the guardianship proceeding regarding the existence of the fictitious illegitimate child of the ward, he knowingly made false statements of fact to a tribunal, in violation of SCR 20:3.3(a)(1); he failed to act with reasonable diligence and promptness in handling one of the estates, in violation of SCR 20:1.3, and undertook the representation of the client in the presence of a conflict of interest in the adoption proceeding, in violation of SCR 20:1.7(b).

Pursuant to SCR 21.10(1), the Board reviewed the petition for license revocation and recommended that it be granted.

IT IS ORDERED that the petition for the revocation by consent is granted and the license of Daniel E. Stocking to practice law in Wisconsin is revoked, effective the date of this order.

Marilyn L. Graves
Clerk of Supreme Court